UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____                │
│ DATE FILED:  6/14/2021               │
└─────────────────────────────────────┘
```

BRUCE E. KATZ, M.D., P.C., D/B/A JUVA
SKIN AND LASER CENTER, individually and
on behalf of all others similarly situated,

Plaintiff,

-against-

PROFESSIONAL BILLING COLLECTIONS,
LLC,

Defendant.

20 Civ. 3043 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Bruce Katz, d/b/a Juva Skin and Laser Center, brings this action, on behalf of

himself and others similarly situated, alleging that Defendant, Professional Billing Collections,

LLC, has sent unsolicited facsimile advertisements in violation of the Telephone Consumer

Protection Act, as amended by the Junk Fax Protection Act, 47 U.S.C. § 227 (the "TCPA").

Compl., ECF No. 1.  Plaintiff now moves for class certification under Federal Rule of Civil

Procedure 23, and for limited discovery prior to a Rule 26(f) conference.  Pl. Mem., ECF No. 23.

For the reasons stated below, Plaintiff's motion for class certification is DENIED without

prejudice to renewal and his motion for limited discovery is GRANTED.

<strong>BACKGROUND</strong>[1]

The TCPA prohibits a person or entity from using a "telephone facsimile machine" to

send an "unsolicited advertisement," unless the sender and recipient of the unsolicited

advertisement are in an established business relationship, the number was provided voluntarily to

the sender by the recipient, or the unsolicited advertisement contains an opt-out notice meeting

---

[1] The facts are drawn from the allegations in the complaint.  The Clerk of Court has entered a certificate of default against Defendant.  ECF No. 22.  Therefore, Defendant is "deemed to have admitted well-pleaded allegations about liability in the complaint."  *Mahuiztl-Atilano v. Pio Rest., LLC*, No. 18 Civ. 3689, 2020 WL 6820749, at *2 (S.D.N.Y. Nov. 20, 2020) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  However, Defendant is not deemed to have admitted conclusions of law.  *Id.*

the TCPA's enunciated requirements in § 227(b)(2)(D).  47 U.S.C. §§ 227(b)(1)(C) & (b)(2).  An

unsolicited advertisement consists of "any material advertising the commercial availability or

quality of any property, goods, or services which is transmitted to any person without that

person's prior express invitation or permission, in writing or otherwise."  *Id.* § 227(a)(5).  The

TCPA creates a private cause of action for violations, and grants statutory damages of $500 per

improper fax.  *Id.* § 227(b)(3).

Between December 15, 2019, and December 21, 2019, Plaintiff received two faxes from

Defendant advertising Defendant's services.  Compl. ¶¶ 12–13, 16; Ex. A, ECF No. 1-3.  Both

faxes were unsolicited, and Plaintiff did not consent to receiving such faxes.  Compl. ¶¶ 12, 17.

In addition to Plaintiff, Defendant sent faxes to at least 40 other individuals, for which it also

never received prior consent.  Compl. ¶¶ 18, 34.

On April 16, 2020, Plaintiff brought suit against Defendant, alleging violations of the

TCPA.  Compl.  Defendant was served on April 22, 2020, but never answered or otherwise

responded to the complaint.  ECF No. 11.  On September 9, 2020, the Clerk entered a certificate

of default against Defendant.  ECF No. 22.

On October 19, 2020, Plaintiff moved to certify the following class:

All persons in the United States who (1) on or after four years prior of filing of the
initial complaint in this action, (2) were sent, by Defendant or on Defendant's
behalf, (3) a telephone facsimile message substantially similar to those attached as
Group Exhibit A, (4) from whom Defendant claims it obtained prior express
permission or invitation to send faxes in the same manner as Defendant claims it
obtained prior express permission or invitation to send a fax to the Plaintiff.

Pl. Mem. at 1.  Plaintiff also requests 120 days to conduct discovery to identify the individuals in

the class, to develop a notice plan, to determine the appropriate damages, to discover if

Defendants have the financial ability to pay any judgment, and to bolster the factual support for

his motion for class certification, if required.  *Id.* at 12–13.

## DISCUSSION

I.     <u>Legal Standard</u>

For a matter to proceed as a class action, a plaintiff must satisfy the following prerequisites:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  In addition to satisfying the Rule 23(a) prerequisites, the plaintiff must qualify the proposed class under one of three subsection Rule 23(b) categories.  Fed. R. Civ. P. 23(b); *see also Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010).

Plaintiff moves for class certification under both Rule 23(b)(2) and 23(b)(3).  Pl. Mem. at 8–9.  Rule 23(b)(2) is appropriate in cases where a defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.  Fed R. Civ. P. 23(b)(2).  Rule 23(b)(3) is appropriate in cases in which common legal or factual issues predominate over individual issues and where a class action is superior to other methods of adjudication.  Fed. R. Civ. P. 23(b)(3).

Although the certifying court must resolve factual disputes relevant to satisfying each Rule 23 requirement, the court "should not make any factual findings or merits determinations that are not necessary to the Rule 23 analysis, and any factual determinations made at the certification stage are not binding on a subsequent fact-finder, even the certifying court."  *Flores v. Anjost Corp.*, 284 F.R.D. 112, 122 (S.D.N.Y. 2012) (citing *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)).  The party seeking class certification bears the burden of satisfying Rule 23's prerequisites by a preponderance of the evidence.  *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008).

3

II.    Class Certification

As a threshold matter, the Clerk's entry of a certificate of default against Defendant does not affect the Court's analysis.  The Court has an independent duty to determine whether the requirements of Rule 23 are met regardless of Defendant's admissions.  *Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003).  Therefore, though Defendant is deemed to have admitted all factual allegations in the complaint, the Court nevertheless must analyze those allegations to determine if the putative class is proper.

A.    Rule 23(a) Requirements

1.    Ascertainability—Rule 23(a)'s "Implied" Requirement

Although it is not explicitly spelled out in Rule 23(a), "[t]here is an implied requirement that the membership of the class [be] identifiable and ascertainable."  *Flores*, 284 F.R.D. at 121 (internal quotation marks and citation omitted).  "An identifiable class exists if its members can be ascertained by reference to objective criteria."  *Stinson v. City of New York*, 282 F.R.D. 360, 367 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).  Courts have required that "a class be identifiable before it may be properly certified."  *Hamelin v. Faxton-St. Luke's Healthcare*, 274 F.R.D. 385, 396 (N.D.N.Y. 2011) (citing *Dunnigan v. Metro. Life. Ins. Co*., 214 F.R.D. 125, 135 (S.D.N.Y. 2003)); *see also In re Fosamax Prods. Liab. Litig*., 248 F.R.D. 389, 397 (S.D.N.Y. 2008) ("[U]ntil a class of persons alleged to be entitled to relief is defined, the [c]ourt cannot conduct the numerosity, commonality, typicality and adequacy analyses that must precede certification.").

Plaintiff fails to meet this requirement.  He contends that he can ascertain the class by subpoenaing the records of all facsimile messages sent by Defendant using the same fax number it used to fax Plaintiff.  Pl. Mem. at 5.  From these records, he will determine the individuals faxed and the number of faxes sent.  *Id.*

Courts have certified TCPA classes based on lists of advertisement recipients, when "[p]rospective plaintiffs can readily identify themselves as class members based on receipt of the . . . message" sent by a plaintiff seeking to identify a class. *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1303 (D. Nev. 2014); *see also Vandervort v. Balboa Cap. Corp.*, 287 F.R.D. 554, 557–58 (C.D. Cal. 2012); *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, 296 F.R.D. 299, 313 (D.N.J. 2013).  Plaintiff's class definition, however, precludes prospective class members from self-identifying.  For a recipient to be part of the class, Defendant must "claim[] it obtained prior express permission or invitation to send faxes [to the recipient] in the same manner as Defendant claims it obtained prior express permission or invitation to send a fax to the Plaintiff."  Pl. Mem. at 1.  An individual recipient, receiving notice of the class through a fax, could not determine how *Defendant* claimed they had consented to the fax.

Accordingly, Plaintiff cannot meet the implied requirement for ascertainability.  *See Leyse v. Lifetime Ent. Servs., LLC*, 679 F. App'x 44, 47 (2d Cir. 2017)  (affirming a district court's denial of class certification based on ascertainability where proposed class members were unlikely to be able to confirm their membership in the class).  However, because the Court is denying without prejudice and permitting further discovery, *see infra* § III, it will consider the other factors as well.

### 2.     Numerosity—Rule 23(a)(1)

The first Rule 23(a) factor is whether "the class is so numerous that joinder is impracticable."  Fed. R. Civ. P. 23(a)(1).  Numerosity is generally presumed when the size of the class exceeds 40 members.  *Shahriar v. Smith & Wollensky Rest. Grp.*, 659 F.3d 234, 252 (2d Cir. 2011).  Here, Defendant has admitted that it sent unsolicited faxes to Plaintiff and more than 40 other recipients without first receiving express consent.  Compl. ¶ 18.  Accordingly, the Court concludes that Plaintiff has established numerosity.

###### 3.      Commonality—Rule 23(a)(2)

Rule 23(a)(2) requires there to be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quotation marks and citation omitted).  It asks not simply whether there are questions of law or fact common to the class, but whether a class action is capable of "generat[ing] common *answers* apt to drive the resolution of the litigation."  *Id.* at 350 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 131–32 (2009)).  "Importantly, '[c]ommonality does not mean that all issues must be identical as to each member, but it does require that plaintiffs identify some unifying thread among the members' claims that warrant[s] class treatment.'"  *Indergit*, 293 F.R.D. at 651 (alterations in original) (quoting *Damassia v. Duane Reade, Inc*., 250 F.R.D. 152, 156 (S.D.N.Y. 2008)).

Plaintiff identifies six questions common to the class: whether (1) Defendant sent unsolicited faxes, (2) Defendant's faxes advertised the availability of property, goods, or services, (3) Defendant obtained prior consent to send the faxes, (4) Defendant knowingly violated the TCPA, (5) Defendant's faxes contained proper opt-out language, and (6) the class is entitled to injunctive relief.  Pl. Mem. at 7.  Here, the class is sufficiently narrow that these common questions can be resolved for the class as a whole.  *Wendell H. Stone Co., Inc. v. PC Shield, Inc*., No. 18 Civ. 1135 (W.D. Pa. Dec. 4, 2019), ECF No. 40 at 5–6.  Although the question of consent has raised a sticking point for other courts, because the class only includes those individuals from whom Defendant claims to have obtained consent in the same way as it obtained consent from Plaintiff, Pl. Mem. at 1, the question of whether or not that means of acquiring consent is permissible under the TCPA is "amenable to class-wide resolution" (subject

to the difficulties in ascertaining that method of consent, as discussed *supra* § II.A.1).  *Kaye v. Amicus Mediation & Arbitration Grp., Inc*., 300 F.R.D. 67, 79 (D. Conn. 2014).

4.      Typicality—Rule 23(a)(3)

Typicality "requires that the claims of the class representatives be typical of those of the class." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007) (internal quotation marks and citation omitted).  This factor "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* (internal quotation marks and citation omitted).  "When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993) (citations omitted).  "As long as plaintiffs assert . . . that defendants committed the same wrongful acts in the same manner against all members of the class, they establish necessary typicality." *Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144, 155 (S.D.N.Y. 2002) (internal quotation marks and citations omitted).

Here, the alleged harms suffered by Plaintiff is typical of those of the class he seeks to represent.  Like other proposed class members, Plaintiff received unsolicited faxes from Defendant that were substantially similar to those received by others in the class, for which Defendant claims to have obtained consent in the same way.  Plaintiff's claims are, therefore, typical of the class.

5.      Adequacy—Rule 23(a)(4)

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In determining whether Plaintiff has met the

adequacy requirement, the Court must consider whether (1) class counsel is "qualified, experienced, and generally able to conduct the litigation"; and (2) Plaintiff has "interests that are antagonistic" to members of the class. *Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 365 (S.D.N.Y. 2014) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). There are no apparent conflicts of interest between Plaintiff and the members of the putative class, nor is there any reason to deem Plaintiff's counsel inadequate. Accordingly, the Court concludes that Plaintiff is an adequate class representative.

### B.    Rule 23(b)(2) Requirements

On a preliminary review, the Court questions whether Plaintiff has standing to seek the injunctive relief required for certification under Rule 23(b)(2). Plaintiff alleges he received two faxes in December 2019, but does not allege receipt of any additional faxes received in the four months between December 2019 and his filing of the complaint. Compl. ¶ 13. Therefore, the Court is uncertain that Plaintiff has alleged a real or immediate threat of future unsolicited faxes from Defendant. *See Hunter v. Time Warner Cable Inc*., No. 15 Civ. 6445, 2019 WL 3812063, at *17 (S.D.N.Y. Aug. 14, 2019) (declining to certify a Rule 23(b)(2) TCPA class where plaintiffs had stopped receiving the offending messages).

However, because on a motion for class certification the Court should not reach questions of the merits unless necessary, *Flores*, 284 F.R.D. at 122, and the Court is denying class certification on other grounds, the Court does not determine this issue here.

### C.    Rule 23(b)(3) Requirements

#### 1.    Predominance

A question predominates when "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to

individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002) (citation omitted).  "Although predominance is a more demanding criterion than the commonality inquiry under Rule 23(a), the mere existence of individualized defenses does not preclude a finding of predominance, so long as a sufficient constellation of common issues binds class members together." *Murphy v. LaJaunie*, No. 13 Civ. 6503, 2015 WL 4528140, at \*6 (S.D.N.Y. July 24, 2015) (internal quotation marks and citations omitted).

Plaintiff has sufficiently alleged predominance.  "[C]ourts are divided as to whether issues of individual consent predominate over common questions in TCPA class actions like this one." *Bayat v. Bank of the W.*, No. 13 Civ. 2376, 2015 WL 1744342, at \*4 (N.D. Cal. Apr. 15, 2015) (internal quotation marks omitted); *compare Ginwright v. Exeter Fin. Corp.*, 280 F. Supp. 3d 674, 688 (D. Md. 2017), *with Kristensen*, 12 F. Supp. 3d at 1306–07.  The Second Circuit has not spoken on the issue.  However, district courts have concluded that where a defendant can demonstrate some instances of express consent, individual questions of consent predominate, whereas if a defendant does not put forth such evidence, then those questions of consent do not. *See, e.g.*, *Tomeo v. CitiGroup, Inc.*, No. 13 Civ. 4046, 2018 WL 4627386, at \*8–9 (N.D. Ill. Sept. 27, 2018); *Hawk Valley, Inc. v. Taylor*, 301 F.R.D. 169, 186 (E.D. Pa. 2014) (finding issues of consent did not predominate where there was no evidence that anyone sought or received consent from the 4,521 recipients of the fax advertisements); *cf. Hunter*, 2019 WL 3812063, at \*15–17 (declining to certify a TCPA class based on issues of consent, where the defendant originally had consent to send advertisements, and then potentially lost it).

Here, Defendant has not offered any evidence that any recipient of its faxes provided express consent.  Moreover, Plaintiff alleges, and thus Defendant concedes, that Defendant did not obtain his consent, or the consent of at least 40 other recipients.  Compl. ¶¶ 17–18.

Accordingly, Plaintiff has met his burden to allege predominance.  *See Wendell H. Stone Co., Inc*, No. 18 Civ. 1135, ECF No. 40 at 11.

2.      Superiority

The final question to be addressed under Rule 23(b)(3) is whether the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  In determining whether a class action is superior to other available methods of fairly and efficiently adjudicating the controversy, Rule 23 directs the Court to consider four factors:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  Superiority is often met "where class members' claims would be too small to justify individual suits, and a class action would save litigation costs by permitting the parties to assert their claims and defenses in a single proceeding."  *Kaye*, 300 F.R.D. at 81 (citing *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 617 (1987)).  As "[t]he statutory damages available under the TCPA (up to $500 per violation or up to $1,500 if the violation is willful[]), are small in comparison to the time, effort and expense of litigation," courts regularly find that a class action is a superior method of adjudication.  *Melito v. Am. Eagle Outfitters, Inc*., No. 14 Civ. 2440, 2017 WL 3995619, at *9 (S.D.N.Y. Sept. 11, 2017), *aff'd in part, appeal dismissed in part sub nom. Melito v. Experian Mktg. Sols., Inc*., 923 F.3d 85 (2d Cir. 2019); *Kaye*, 300 F.R.D. at 82.  Therefore, Plaintiff has met the superiority prong.

Accordingly, Plaintiff's motion for class certification is DENIED without prejudice to renewal.

III.    Class Discovery

Plaintiff seeks permission to conduct 120 days of limited discovery to determine damages, identify class members, determine whether Defendant has the financial ability to pay any judgment, and to bolster the motion with any facts the Court deems necessary.  Pl. Mem. at 12–13.  Such discovery is proper.  *See, e.g.*, *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.*, 36 F. Supp. 3d 417, 421 (S.D.N.Y. 2014) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery . . . to determine whether the prerequisites of Rule 23 are satisfied." (quoting *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982))); *Williams v. Goldman & Steinberg, Inc.*, No. 03 Civ. 2132, 2006 WL 2053715, at *9–10 (E.D.N.Y. July 21, 2006) (permitting such discovery after defendants' default).  Accordingly, Plaintiff's motion for limited discovery is GRANTED.

**CONCLUSION**

For the reasons stated above, Plaintiff's motion for class certification is DENIED without prejudice to renewal.  Plaintiff's motion for 120 days of limited discovery is GRANTED.  If Plaintiff wishes to submit a renewed motion for class certification, he shall do so by **October 26, 2021**.

The Clerk of Court is directed to terminate the motion at ECF No. 23.

SO ORDERED.

Dated: June 14, 2021
       New York, New York

_____
         ANALISA TORRES
    United States District Judge